J-S39038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MANUEL MORALES, | : | |
| | : | |
| Appellant | : | No. 308 EDA 2015 |

Appeal from the PCRA Order entered on November 24, 2014
in the Court of Common Pleas of Carbon County,
Criminal Division, No. CP-13-CR-0000678-2004

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 17, 2015**

Manuel Morales ("Morales") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 21, 2005, Morales entered into a negotiated guilty plea to three counts of aggravated indecent assault.  On December 12, 2005, the trial court sentenced Morales to three consecutive sentences of not less than 30 months to not more than 60 months for a total period of not less than 90 months to not more than 180 months in prison.  Morales filed a Post-Sentence Motion to reconsider the sentence on December 30, 2005, which the trial court denied.  Morales did not file a direct appeal.

On July 7, 2014, Morales filed the instant PCRA Petition. After providing a Pa.R.Crim.P. 907 Notice, the PCRA court denied the Petition on November 24, 2014. Morales filed a timely Notice of Appeal.

On appeal, Morales raises the following question for our review: "Whether the [trial c]ourt improperly applied a mandatory minimum sentence upon [Morales] and that the sentence violated his constitutional rights[?]" Brief for Appellant at 3.

We review an order denying a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). The review is limited to the findings of the PCRA court and the evidence of record. **Id.** The PCRA court's decision will be upheld if it is supported by the record and free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

Under the PCRA, any PCRA petition, "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration time for seeking the review." **Id.** § 9545(b)(3).

Morales's judgment of sentence became final on January 11, 2006, when the time to appeal to the Pennsylvania Superior Court expired. **See** Pa.R.A.P. 903(a). Thus, Morales had until January 11, 2007, to file a timely

PCRA. The current Petition, which was filed on July 7, 2014, is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To establish an exception to the timeliness requirement, the Petitioner must plead and prove: 1) the failure to raise the claim was the result of government interference; 2) the facts upon which the claim is predicated were unknown and could not have been discovered with due diligence; or 3) the right asserted is a Constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in the section, and the court has held that it applies retroactively. *Id*. Any petition invoking one of the exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2).

Here, Morales directs our attention to the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), invoking the exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), a newly recognized constitutional right. Brief for Appellant at 7. In *Alleyne*, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155. Morales argues that the trial court imposed a mandatory minimum sentence in violation of *Alleyne*. Brief for Appellant at 7-8.

Our review of the written sentencing order and the sentencing hearing discloses that the trial court did not impose a mandatory minimum sentence. For all three counts, the trial court imposed a sentence of 30-60 months in prison, which is within the standard range of the Pennsylvania sentencing guidelines. *See* N.T., 12/12/05, at 10-11.

Even if the trial court had imposed a mandatory minimum sentence, Morales's PCRA Petition invoking the exception at section 9545(b)(1)(iii) was nevertheless untimely. *Alleyne* was decided on June 17, 2013. Morales filed his PCRA Petition on July 7, 2014, well over sixty days after the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]th regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").[1]

Further, the rule established in *Alleyne* does not apply retroactively. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* applies retroactively where the

---

[1] We note that Morales also cites to *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014), wherein this Court held that the sentencing scheme under Pa.C.S.A. § 9718 is unconstitutional under *Alleyne*. Brief for Appellant at 8. However, Morales's reliance on this court's decision in *Wolfe* is misplaced because the third timeliness exception only applies to constitutional rights recognized by the Pensylvania Supreme Court or United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

judgment of sentence has become final); *see also id.* (stating that while *Alleyne* claims go to the legality of the sentence, courts cannot review a legality claim where it does not have jurisdiction). Accordingly, Morales failed to meet the requirements of the third timeliness exception. Thus, the PCRA court properly denied Morales's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2015